PER CURIAM.
Plaintiff Hartz Mountain Industries (taxpayer) appeals from the Tax Court’s grant of summary judgment to defendant City of Jersey City (municipality), affirming the taxation of air space rights purchased by the taxpayer over a rail station in the municipality for the 2002 tax year. By bargain and sale deed recorded on or about April 9, 1990, the taxpayer purchased from Port Authority Trans-Hudson Corporation (PATH) all of its interest in the airspace rights located a specified amount above the track situated between Tonnelle Avenue and John F. Kenney Boulevard, designated as Lots A2, B and C2, Block 568.5, Journal Square, Jersey City.[1] The purchase price for the approximately six-acre parcel was $900,000.
The subject parcel was subsequently assessed by the municipality for local property tax purposes at $1,032,000 for land only, with no assessment for improvements. A Judgment Pursuant to Settlement entered May 9, 1994, reduced the assessment (land only) to $780,000, which the municipality carried forward without further challenge until the 2002 tax year.[2] The taxpayer filed a two-count complaint in the Tax Court, seeking a determination that its air rights were not subject to local property tax assessment and, alternatively seeking a reduction in the assessed valuation of the property.
Following oral argument on cross-motions for summary judgment, Judge Kahn granted the municipality’s motion to dismiss the first count of the taxpayer’s complaint pursuant to a written opinion and order dated February 17, 2004. On October 12, 2004, *636 the parties entered into a Stipulation of Settlement reducing the assessment to $470,000 (land only), subject to a reservation of the taxpayer’s right to challenge the validity of the municipality’s assessment of its air rights.
The taxpayer argued below and reasserts on appeal: (1) there is no statutory authority to permit the assessment of air rights, although it acknowledges when improvements are placed within the air space, the improvements will be subject to local property tax assessment; (2) the airspace it purchased was an easement rather than a taxable fee simple conveyance; and (3) if airspace in general can be taxed, the Railroad Tax Law of 1948, N.J.S.A. 54:29A-1 to -77, exempts this air space from local property tax assessment as it does with the underlying railroad property.
We are not persuaded by any of the taxpayer’s arguments. We are satisfied the Tax Court judge property applied the law to the facts of this case. We affirm for the reasons set forth by Judge Kahn in his cogent and comprehensive opinion published at 22 N.J.Tax 84 (2004).
Affirmed

 For the 2002 tax year, both the underlying land owned by PATH and exempt as railroad property and the taxpayer's airspace rights were given this Tax Map designation. At some later date, the Assessor gave the air rights a separate designation.

 This assessment was also carried forward for the 2003 tax year, was challenged by the taxpayer and was pending before the Tax Court at the time of argument on the subject motion.